338

Jane DOE, a minor, by and through her next friend Marjorie Lambert, Individually and on behalf of all other persons similarly situated, Plaintiff-Appellant,

v.

Milton G. KLEIN, Individually and as Director of the Idaho Department of Health and Welfare, State of Idaho, Department of Health and Welfare, Defendants-Appellees.

No. 77–1885.

United States Court of Appeals, Ninth Circuit.

June 27, 1979.

Raymond C. Givens, Idaho Legal Aid Services Inc., Coeur d'Alene, Idaho, for plaintiff-appellant.

James R. Hargis, Deputy Atty. Gen., Health & Welfare Div., Boise, Idaho, for defendants-appellees.

Before VAN DUSEN,* WRIGHT and GOODWIN, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We withheld submission of this cause pending disposition by the Supreme Court in two consolidated cases that have recently been decided. *Chapman v. Houston Welfare Rights Organization,* —— U.S. ——, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). We now order the cause submitted and reverse and remand to the district court with instructions to dismiss for want of subject matter jurisdiction.

Idaho has elected to participate in the Aid to Families with Dependent Children (AFDC) program, established under the Social Security Act, 42 U.S.C. §§ 601 *et seq.,* and has adopted regulations, partly under challenge here, to administer it.

Jane Doe first applied for AFDC benefits when she was 16, unmarried, pregnant, and living with her parents. The Idaho Department of Health and Welfare (Department) rejected her application. After her child was born, she applied again. Her application was granted to the extent of her child's needs, but not for her own. When she turned 18, the age of majority in Idaho, the AFDC grant was increased to cover her needs, but excluded a housing and utility allowance because she continued to live with her parents.

On appeal, she asserts essentially two "constitutional claims" and one "statutory claim". She contends a Department regula-

* Senior Circuit Judge for the Third Circuit.

tion, Manual § 3242.2(3), violates due process by establishing an irrebuttable presumption that her parents were adequately meeting her needs as the caretaker relative of her child as long as she continued to live with them. She also alleges that the denial of AFDC benefits was the result of classifications impermissibly based upon age, residence, and legitimacy of her child and therefore was a denial of equal protection.

As a statutory claim, she asserts that state AFDC regulations are stricter than allowed by the Social Security Act and are therefore invalid under the Supremacy Clause.

Appellant admits there is no jurisdiction under 28 U.S.C. § 1331, but suggests four alternative theories to find jurisdiction under 28 U.S.C. § 1343(3) and (4):

> (1) Her due process and equal protection claims are actions to redress the deprivation of rights "secured by the Constitution of the United States" under § 1343(3);
>
> (2) Assuming proper jurisdiction exists over her constitutional claims, pendent jurisdiction is proper for her statutory claim;
>
> (3) By prohibiting a state law or regulation from conflicting with a federal law, the Supremacy Clause creates a right secured by the Constitution under § 1343(3); and
>
> (4) 42 U.S.C. § 1983 and the Social Security Act are "Act[s] of Congress providing for equal rights" under § 1343(3) and "providing for the protection of civil rights" under § 1343(4).

The district court dealt only partially with the jurisdictional issue, finding that jurisdiction could not be based on § 1343(3) because "[a] colorable constitutional issue ha[d] not been presented." It did not address the possibility of jurisdiction under § 1343(4).

Apparently assuming jurisdiction existed in disposing of the action, the court reached the merits and granted appellee's summary judgment motion. Because of the way we decide the appeal, we shall discuss only the jurisdictional issue and not reach the merits fully.

It is not sufficient to obtain jurisdiction under § 1343(3) merely to assert a constitutional claim. The Supreme Court in *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974), held that, although the constitutional claim need not be "substantial",

> federal courts are without power to entertain claims otherwise within their jurisdiction if they are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," or "no longer open to discussion."

*Id.* 536–37, 94 S.Ct. at 1379 (citations omitted).

■ Appellant's "constitutional claims" fit these criteria. Her due process argument is totally without merit. The Department's practice in applying its regulations contradicts the claim that *all* unwed minor mothers living with their parents are denied assistance for their own needs. Residence with the parents is simply one factor used to determine the need of the applicant. As the district court noted:

> There was a specific finding that Jane Doe's parents did not quality for AFDC assistance, and that they were providing for her needs. That this was the practice of the Department is shown by the fact that . . . of 80 applications made by unemancipated minor mothers on behalf of their children, 24 included grants for the child only and 56 included assistance for both the child and mother.

*See also Weinberger v. Salfi*, 422 U.S. 749, 768–69, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) (unless a classification is "patently arbitrary" or "utterly lacking in rational justification", there is no due process violation).

■ Appellant's equal protection argument is equally without foundation. The Department does not discriminate on the basis of an applicant's age or residence, or the legitimacy of the child. It uses the first two factors merely as indicators of "emancipation" and, therefore, of need for assistance. Similarly, the applicant's marital sta-

tus, not the legitimacy of her child, is another indicator of financial independence from her parents and hence of her need. Cases cited by the appellant are either irrelevant or easily distinguishable.

 It is apparent that appellant's alleged constitutional claims are asserted in order to obtain jurisdiction over her statutory claim. But because appellant's constitutional claims were not "of sufficient substance to support federal jurisdiction," there can be no pendent jurisdiction over her statutory claim in federal court. *Hagans*, 415 U.S. at 536, 94 S.Ct. at 1378. We express no opinion whether appellant may legitimately press her statutory claim in state court.

 Appellant's third and fourth theories of jurisdiction are disposed of by *Chapman*. The Court concluded there "that an allegation of incompatibility between federal and state statutes and regulations [under the Supremacy Clause] does not, in itself, give rise to a claim 'secured by the Constitution' within the meaning of § 1343(3)." —— U.S. at ——, 99 S.Ct. at 1907.

 Since § 1983 is only a remedial statute that does not itself create any substantive rights, the court held further that it was not an "Act of Congress providing for equal rights . . . [or] for the protection of civil rights" under § 1343(3) and (4). *Id.* —— U.S. at ——, 99 S.Ct. at 1907. The Social Security Act was also enacted for neither purpose and therefore cannot fulfill the prerequisites of § 1343(3) or (4).

 We agree with the district court that "[a] colorable constitutional claim has not been presented." Insofar as the court examined the sufficiency of appellant's constitutional claims to determine if they warranted taking jurisdiction, it acted properly. A full review of the merits and the granting of appellee's summary judgment motion, however, was improper. We reverse and remand for dismissal for want of subject matter jurisdiction.